## THE GREGG COMPANY, Ltd., Plff.,

### v.

## UTUADO SUGAR COMPANY, Dft.

San Juan, Equity, No. 898.

ON APPLICATION FOR EXTENSION OF LEASE.

Receivership—Leasing Property.
>    The court has power to lease a sugar central, and will do so where that procedure seems preferable to operating it through a receiver.

Opinion filed January 22, 1916.

*Mr. Cayetano Coll y Cuchi* for lessee.

Gregg Co. v. Utuado Sugar Co.

*Mr. Jose A. Poventud* for Armstrong.

HAMILTON, Judge, delivered the following opinion:

The matter comes on to be heard on the application of Carlos Cabrera for the extension for two years of the lease which he now holds and under which he is now operating the Utuado receivership property. The court does not wish to render a decree at this time because, as all the parties understand, there is one other party, a mortgage creditor, who should be heard, and as he is at a distance it seems only right to give him until Monday afternoon at 2 o'clock to appear. So, no decree will be rendered, and in fact the court is not clear as to all points covered; but I think it would probably simplify the situation to say a few words upon the subject in the nature of an opinion.

1. In the first place as to leasing the property at all, the court thinks that the power of the court in the matter is *res judicata* in this jurisdiction. This question of leasing is one that is not found often in the courts in the states. Property there is of a different character. One does not find what might be called the plantation system in the states to the extent proportionately that one does here, and the reports that I have examined refer principally to leasing a store or something of that sort, which is a very imperfect analogy; but they sustain the right to lease a store because that is the best way of handling a store or storehouse. In the South provision is made for an administrator to operate cotton plantations. The matter has been gone into in previous decisions of this court, and it has been settled that the court can and will, and it thinks in some case should for the preservation of the property, lease it to a responsible lessee, rath-

Gregg Co. v. Utuado Sugar Co.

er than undertake to operate it by a receiver. This has been done in this particular case, I believe for two years, one year and then a renewal, to the present lessee, and that was done, as the court recollects it, without opposition from any quarter. It seemed to be the best thing to do. The court tried operation by a receiver, and it resulted disastrously; so that certainly for the purposes of this case it is *res judicata* that the court can under proper conditions lease a central property.

There is another possible solution, which is urged by Armstrong, that the property be sold and the proceeds distributed. The objection to this is that this is not the right time of year to adopt such a policy. The property could not get into the hands of a purchaser for several months, and then the time for planting would be passed. The result would be that it would go to the bondholders for a comparatively small amount, and the increased value which seems to have accrued from the exertions of the present lessee would be practically all lost. This solution cannot be seriously maintained at this time.

2. In the second place, the question comes up whether this is a proper case to exercise the power to lease. The opposition at present seems to be made by a creditor whose main reliance might be upon the profits of the property, but, whether that be so or not, of course he has a perfect right to object, and he does object to the exercise of the power. That throws upon the court the consideration of the facts of this case. It seems that the situation is not different from what it was a year ago, except that the probability of a favorable result is greater. It is suggested that, this being so, the lessee should be required not to carry out a lease on a scale of prices, but on a fixed basis. As I understand the lessee's attorney, he declines to do that for reasons which

may be good or may be bad. At all events, I understand that he declines to change his offer; so that the only thing before the court is an offer on a sliding scale. The present lessee's attorney offers, I do not doubt in proper good faith, to turn over the lease to the opposing party, but that offer has not been accepted, so that the situation is that the court has simply one offer before it, and the matter must be decided pro or con on that. The situation is this: Here is property in the hands of the court. This is the time of year when planting has to be done if it is to be done at all with profit to the concern. The court feels shut up either to accept the lease offered or to permit the receiver to go ahead and plant cane, in other words, to return to the plan carried out with failure, as it happened, some years ago. It is not necessarily true that it would be a failure now. But on the facts presented, the court sees no reason to suppose that the receiver could do better than the offer that is made to the court. Acting through a receiver, the court would be taking all the chances of a profit or loss. By leasing, it is not taking any chances as to the fact of a return. It would be certain of getting some return, or, at all events, of not going into debt; so that it looks as if a lease is the proper course to pursue.

3. In the third place, as to the terms of the lease. It is practically admitted in the argument that a lease for one year would not be improper. The offer is made for two years. As to that the court would like to consider further. It can say this so as to settle the matter so far that it is inclined, unless Lascelles, the absent bondholder, give some reason that is not now apparent, to have a lease executed for one year. It will go thus far. It thinks there is no trouble about that. As to whether it will go to the extent of two years is a matter for consideration within the

Gregg Co. v. Utuado Sugar Co.

next two days. I will not say that I will not go as far as two years, but I am convinced at least as to one year.

4. It is suggested in the next place by Armstrong and Son that there should be some revision of the terms of the lease as to this, that provision should be made that the court can sell the property, independently of the lease. How far that is practicable is a matter to be determined on a consideration of all the facts of the case. If a lease is made for two years, it is very material that there should be some such provision, because two years is a right long time. This lease is dependent, so far as the court knows, upon the personality of the lessee, and of course no one can guarantee his life or strength; and furthermore the court has a precedent for a clause providing for a sale in the Borinquen Case. There was a lease made in that case with a provision for a sale. The difficulty is, of course, how to protect the lessee in such a case. Just giving back his expenses would not be proper, because a man does not work simply for expenses. He works, and in this particular case Mr. Cabrera is putting his own personal experience and his own personal ability into the lease for the purpose of realizing, and he seems to be realizing, a very handsome profit for himself and for the property. So, whether such a provision is possible the court does not undertake to say right now. If it is done, it should be upon a basis that would be perfectly fair to the lessee, and this particular point is kept under reservation. So that as to provision for sale and the length of the lease the court makes no determination. In fact it makes no determination at all, but does say that it thinks there should be, and in all probability on next Monday there will be, a renewal of the lease for one year. The other points are reserved.